# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-20805
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 12, 2017

Lyle W. Cayce
Clerk

DARIAN BAKER,

   Plaintiff - Appellant

v.

CITY OF CLUTE; CLUTE POLICE DEPARTMENT,

   Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CV-2068

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:*

Plaintiff–Appellant Darian Baker appeals the district court's dismissal of his 42 U.S.C. § 1983 suit against the City of Clute.  We AFFIRM.

This case begins on February 13, 2014, when a woman contacted the Clute Police Department (CPD) to report that her teenage daughter had received threatening text messages from Baker, a high school classmate.  A

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-20805

CPD officer interviewed the daughter, who expressed her belief that Baker "may do something at school to her friends." Relying on this information, the CPD officer later that day applied for a warrant to arrest Baker for the misdemeanor offense of making a terroristic threat. *See* Tex. Penal Code Ann. § 22.07. The next day, February 14, a Brazoria County judge issued a warrant for Baker's arrest, and CPD arrested Baker that same day. Baker was held in a juvenile detention center until February 19; the charges against him were ultimately dismissed.

On July 11, 2016, Baker, acting pro se, filed this § 1983 suit, naming the City of Clute and CPD as defendants. Baker's second amended complaint alleged that his Fourth, Fifth, and Fourteenth Amendment rights had been violated, along with Texas state law claims of malicious prosecution, intentional and negligent infliction of emotional distress, and false imprisonment. Baker requested $1 million in damages. The City of Clute moved to dismiss Baker's complaint for failure to state a claim.[1] After holding two pretrial conferences and permitting Baker to twice amend his complaint, the district court granted the motion to dismiss. Baker timely appeals.

Baker raises three arguments on appeal.[2] We address each in turn. First, Baker argues that he was denied due process when the district court dismissed his complaint. Baker appears to argue that he did not have the opportunity to respond to documents produced by the City of Clute before the district court ruled on the motion to dismiss. He also alleges that he was not

---

[1] CPD did not separately move for dismissal because, as the district court concluded, CPD is not a separate legal entity from the City of Clute and thus cannot be separately named as a party. Baker does not appeal this conclusion and, accordingly, the only defendant on appeal is the City of Clute.

[2] Baker also includes several other arguments in the list of issues in his brief but does not discuss them in the argument section in his brief. Accordingly, Baker has abandoned any additional arguments beyond the three we address due to inadequate briefing. Fed. R. App. P. 28(a)(8); *United States v. Charles*, 469 F.3d 402, 408 (5th Cir. 2006).

No. 16-20805

aware that the motion to dismiss would be a subject of hearings and was thus not prepared to discuss them. We review due process challenges de novo. *United States v. Burns*, 526 F.3d 852, 859 (5th Cir. 2008).

The district court afforded Baker due process. The record does not support Baker's allegations regarding lack of notice or opportunity to respond. First, Baker had sufficient notice of the City of Clute's motion to dismiss. Federal Rule of Procedure 6(c)(1) requires that a motion to dismiss "be served at least 14 days before the time specified for the hearing." The first hearing on the motion to dismiss was held on October 3, and Baker admitted that he received the motion to dismiss on September 15, more than 14 days prior. He did not request additional time to respond to it, nor did he ask to postpone the hearing. In addition, Baker was specifically on notice that the motion to dismiss could be discussed at the October 3 hearing. The district court's scheduling order, dated July 13, explicitly provided that, at the hearing, the court "may rule on motions pending or made at the [hearing]," and the motion to dismiss was one such pending motion. The district court provided additional notice of its intent to rule on the motion to dismiss at the hearing, where it stated that it intended to grant the motion to dismiss in the future. After the first hearing, the district court permitted Baker to amend his complaint for the second time. The district court then held another hearing on October 7 to discuss Baker's amended complaint. Only after this second hearing did the district court grant the motion to dismiss. Baker has not identified any deficiencies or irregularities in the process by which the district court granted the motion to dismiss, and accordingly, his due process claim lacks merit.

Next, Baker argues that the district court erred in dismissing his complaint under Federal Rule of Procedure 12(b)(6) for failure to state a claim. We review a Rule 12(b)(6) dismissal de novo, "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff."

3

*Hines v. Alldredge*, 783 F.3d 197, 200–01 (5th Cir. 2015) (quoting *True v. Robles*, 571 F.3d 412, 417 (5th Cir. 2009)).  A complaint should be dismissed if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

Here, Baker's claim is for municipal liability under § 1983.  In order to establish municipal liability under § 1983, a plaintiff must prove three elements: "(1) an official policy (or custom), of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy or custom."  *Valle v. City of Houston*, 613 F.3d 536, 541–42 (5th Cir. 2010) (quoting *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002)).  However, Baker did not plead any of these elements.  The allegations in Baker's second amended complaint relate only to the conduct of individuals; the second amended complaint is devoid of any discussion of a citywide policy.  Indeed, Baker's brief appears to concede that he failed to identify an official policy or custom but asserts that such a policy or custom is not required to show liability.  This assertion, as just demonstrated, is contrary to well-established law.  Accordingly, Baker has failed to plead a facially plausible claim for municipal liability.  Because "[d]ismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief," the district court did not err in dismissing Baker's claims.  *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (quoting 2A MOORE'S FEDERAL PRACTICE ¶ 12.07 (footnote omitted)).

Finally, Baker argues that the district court erred in not granting him a continuance to conduct additional discovery before ruling on the motion to

No. 16-20805

dismiss.  Because Baker did not move for a continuance in the district court, he waived this argument.  *See Access Telecom, Inc. v. MCI Telecomms. Corp.*, 197 F.3d 694, 719 (5th Cir. 1999).

The judgment of the district court is AFFIRMED.